MEMORANDUM *
Tri-County Metropolitan Transportation District of Oregon (Tri-County) appeals the district court’s dismissal of its action against Butler Block, LLC (Butler) for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
Regardless of whether one looks to Delaware law or Oregon law to determine the effect of SIP Management, LLC’s (SIP) administrative dissolution, it remains a member of Butler. See Del.Code tit. 6, §§ 18-304(2) & 18-801 (a)(l-5) (indicating-membership is terminated upon dissolution but not defining dissolution in a way that includes a temporary administrative dissolution for the failure to pay fees); Or .Rev. Stat. § 63.637(1-2) (indicating an administratively dissolved company “continues its existence” and that administrative dissolution does not “[p]revent commencement of a proceeding by or against the limited liability company in its limited liability company name”).
Because SIP was still a member of Butler at the time Tri-County filed suit, SIP’s *709 citizenship was relevant for purposes of determining diversity of citizenship. As a limited liability company, Butler is deemed to be a citizen of all states where its members are citizens. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir.2006). Because both SIP and Tri-County are citizens of Oregon, complete diversity is lacking, and dismissal for lack of subject matter jurisdiction was appropriate. See 28 U.S.C. § 1332(a); cf. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (“28 U.S.C. § 1332(a) ... applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.